IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KENNETH WEST, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 06-002 |
| | § | |
| 3M COMPANY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER OF REMAND**

On this day came on to be considered Plaintiff Kenneth West's Motion to Remand. For the reasons stated herein, the motion is GRANTED and the above-styled action is REMANDED pursuant to 28 U.S.C. § 1447(c) to the Circuit Court of Claiborne County, Mississippi, where it was originally filed and assigned Cause No. 2005-63.

**I.   Jurisdiction**

Defendant Shell Oil Company alleges that the Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332.

**II.   Factual and Procedural Background**

On March 31, 2005, Plaintiff initiated a products liability action in the Circuit Court of Claiborne County, Mississippi, against 144 named Defendants. Plaintiff then filed his First Amended Complaint on May 3, 2005, in which Plaintiff asserted claims against only 24 named Defendants. On August 8, 2005, Defendant Shell Oil Company removed the action to the United States District Court for the Southern District of Mississippi pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446. Fourteen other named Defendants consented to the removal.

In opposition to the removal, Plaintiff timely filed a Motion to Remand on October 6, 2005,[1] alleging defective removal. "Specifically, the [r]emoving Defendants did not obtain consent from all served Defendants, within the required time parameters." (Pl.'s Mot. Remand ¶ 7.) Defendant Shell Oil Company filed a response, in which it conceded that "not all defendants may have joined the removal within 30 days of service of process on the first-served defendant[.]" (Def.'s Resp. ¶ 3.) Defendant Shell Oil Company further admitted:

> Shell Oil [Company] filed its Notice of Removal within 30 days of service upon Shell Oil [Company]. Despite Shell [Oil Company's] diligent efforts to communicate with all 24 named defendants to ascertain the date of service for each defendant, the first of the numerous defendants had, unknown to Shell Oil [Company], been served outside the 30-day period . . . .

(Id. ¶ 5.)

On December 20, 2005, the action was transferred from the Southern District of Mississippi to this Court pursuant to an Order of Transfer issued by the Judicial Panel on the Multidistrict Litigation.

### III. Discussion

A Defendant may remove a state court action to federal court if the action could have been originally filed in federal court. 28 U.S.C. § 1441(a). Subsequent to removal, if Plaintiff makes a timely motion to remand, the Court should remand the case if one of the statutory procedural requirements for removal has not been satisfied. Getty Oil Corp. v. Insurance Co. of North America, 841 F.2d 1254, 1262-63 (5th Cir. 1988); see also Johnson v. Helmerich & Payne, Inc., 892 F.2d 422,

---

[1] Although under normal circumstances, Plaintiff should have filed his Motion to Remand on or before September 8, 2005, Defendant Shell Oil Company conceded that Plaintiff's motion, filed on October 6, 2005, was nonetheless timely, because "deadlines in the Southern District [of] Mississippi [were] extended until October 17, 2005, due to Hurricane Katrina[.]" (Def.'s Resp. ¶ 6.)

423 (5th Cir. 1990). The statutory procedural requirements for removal are set forth in 28 U.S.C. § 1446, which provides in pertinent part:

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b).

In a case involving multiple Defendants, the Fifth Circuit has interpreted 28 U.S.C. § 1446(b) to require <u>all</u> served Defendants to join in or consent to removal within 30 days of service on the <u>first</u> Defendant. <u>Getty Oil Corp.</u>, 841 F.2d at 1262-63; <u>see also</u> <u>Helmerich & Payne, Inc.</u>, 892 F.2d at 423. Although a Defendant's failure to timely join in or consent to removal is not a jurisdictional defect, the statutory time limitation of 30 days is mandatory and must be strictly complied with; the time period cannot be extended by stipulation of the parties or by order of the court. <u>See</u> <u>Getty Oil Corp.</u>, 841 F.2d at 1262-63.

The requirement that each Defendant must join in or consent to removal does not mean that every Defendant must actually sign the notice of removal. <u>See</u> <u>id.</u> However, there must be some timely filed written document from each served Defendant, or its authorized representative, indicating that the Defendant has consented to removal. <u>See</u> <u>id.</u> Obviously, this rule does not apply to Defendants who have not been served at the time the notice of removal is filed. <u>See</u> <u>Pullman Co. v. Jenkins</u>, 305 U.S. 534, 540-41 (1939).

In this case, the Notice of Removal was filed by Defendant Shell Oil Company on August 8, 2005. On the same day, 14 of the other 23 named Defendants filed Notices of Joinder to Removal. This means that removal could be timely if no Defendant was served before July 8, 2005 (30 days

before removal on August 8, 2005). See 28 U.S.C. § 1446(b). The record contains minimal evidence on when each Defendant was served, who was the first-served Defendant, and who were the served Defendants when Defendant Shell Oil Company filed the Notice of Removal. However, Defendant Shell Oil Company admitted in its response to Plaintiff's Motion to Remand that "not all [served] defendants . . . joined the removal within 30 days of service of process on the first-served defendant[.]" (Def.'s Resp. ¶ 3; see also Id. ¶ 5 ("the first of the [24 named] defendants had . . . been served outside the 30-day period").) Based on this admission and the lack of evidence showing otherwise, the Court finds the statutory procedural requirement that all served Defendants must join in or consent to removal within 30 days of service on the first Defendant has not been satisfied. See 28 U.S.C. § 1446(b); see also Helmerich & Payne, Inc., 892 F.2d at 423; Getty Oil Corp., 841 F.2d at 1262-63. Pursuant to the well-established law on remand, the Court must therefore remand the case to state court, as Plaintiff has timely filed a Motion to Remand.

**IV.  Conclusion**

For the reasons stated above, Plaintiff's Motion to Remand is GRANTED. The action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the Circuit Court of Claiborne County, Mississippi, where it was originally filed and assigned Cause No. 2005-63.

SIGNED and ENTERED this 6th day of February, 2006.

_____
Janis Graham Jack
United States District Judge